IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Quinda Beeson,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**Safeco Insurance Company of America,** )<br>)<br>    **Defendant.** ) | Case No. CIV-20-327-SLP |

## PLAINTIFF'S MOTION TO STAY ALL EXISTING PRETRIAL PROCEEDINGS AND REOPEN DISCOVERY

COMES NOW Plaintiff Quinda Beeson and moves this Court to enter an Order staying all consideration of existing pretrial motions and to reopen discovery for the limited purpose of discovering any and all information related to Defendants Safeco Insurance Company of America's post-litigation claims handling activity. In support of her motion, Plaintiff presents the following.

1.    On February 11, 2021, Plaintiff deposed Safeco claims adjuster Barbara Meyer. Ms. Meyer, the adjuster who completed Safeco's evaluation of the UM claim underlying this action, testified that she was continuing to oversee the handling of the claim and that no additional evaluative action had been taken on the same since the filing of this action. Ex. 1 - Deposition of Meyer, p. 9-10.

2.    On January 24, 2022, Plaintiff deposed Diana Fox, pursuant to Federal Rule of Civil Procedure 30(B)(6). Testifying as a duly authorized Corporate Representative of Safeco, Ms. Fox testified that Safeco had conducted no additional evaluative or claims handling

1

activity after the filing of the instant suit, but was prepared to negotiate resolution of the same. Ex. 2 - Deposition of Fox, p. 152-53.

3.  On March 14, 2022, Plaintiff Counsel's office was contacted by Safeco claims adjuster Alex Keffer. Mr. Keffer left a message with Case Manager Shelley Hicks indicating Safeco wished to tender the remainder of Plaintiff's UM benefits prior to the Court issuing a ruling on pending pre-trial filings. He further indicated that he needed payment instructions and information related to any outstanding medical liens. Ex. 3 - Affidavit of Hicks.

4.  On March 15, 2022, Plaintiff's Counsel was again contacted by Mr. Keffer who spoke to attorney Madison Botizan and, again, indicated Safeco wished to tender the remainder of Plaintiff's UM benefit. Ms. Botizan notified Mr. Keffer that she was uncertain how to address the situation and would discuss the issue with the undersigned. Ex. 4 - Affidavit of Botizan.

5.  Neither Hicks nor Botizan discussed the merits of the pending litigation or Plaintiff's insurance claim with Keffer. Ex. 3 - Affidavit of Hicks, Ex. 4 - Affidavit of Botizan.

6.  On March 16, 2022, the undersigned contacted Safeco's litigation counsel, Bill O'Connor to address the issue. The undersigned notified O'Connor that Safeco had offered the remaining UM limit and that Plaintiff would accept payment of the remaining UM policy benefits. He further indicated that he did not believe there were any outstanding liens or balances from Plaintiff's medical providers. O'Connor indicated that he was unaware of Safeco's communications and would contact the undersigned later that day.

7. On March 17, 2022, the undersigned emailed O'Connor providing payment instructions and requesting that Safeco agree to reopening discovery in the instant matter for the limited purpose of conducting discovery into Safeco's re-evaluation of Plaintiff's UM claim. Namely, Plaintiff sought supplemental document production related to Safeco's post-litigation claims handling and an opportunity to depose Mr. Keffer and any other employee responsible for Safeco's new evaluation indicating Plaintiff was entitled to recover the full limit of her UM policy.

8. On March 18, 2022, O'Connor communicated with the undersigned via letter that Safeco had not reevaluated Plaintiff's claim and that Keffer's tender of Plaintiff's remaining UM benefits was a misreading of Safeco's claim file related to the parties failed mediation.

9. An insurer must handle claims pursuant to the terms of the insurance contract issued to its insured. *See generally Christian v. American Home Assurance Co.*, 577 P.2d 899 (Okla. 1977). Further, this duty does not cease to exist if and when a claimant files suit against the insurer. *See Linn v. Okla. Farm. Bur. Mut. Ins. Co.*, 479 P.3d 1013 (Okla. Civ. App. 2020). The *Linn* Court's decision made specific reference to the following language from Allan D. Windt*, 2 Insurance Claims and Disputes Sec. 9:28* (6th ed.):

> It should logically make no difference when or how an insurer learns that policy benefits are owed; once it learns that benefits are owed, the insurer should pay them. Accordingly, the fact that the insurer is already being sued does not somehow insulate the insurer from having to pay what it knows is owed.

3

10.     The sequence of events set forth above appears to indicate that Safeco has reevaluated its position on Plaintiff's UM claim and that its claims handling employees believe Plaintiff is entitled to her full UM policy limit.

11.     Such a change of position is of critical importance as Safeco has maintained throughout its handling of the claim and this litigation that Plaintiff *is not* entitled to any additional UM benefit. *See generally Defendant Safeco Insurance Company of America's Motion for Summary Judgment and Brief in Support* [Doc. 69].

12.     Further, there exists a dispute in this matter as to whether the law of the State of Colorado or Oklahoma should govern Safeco's handling of Plaintiff's claim. Plaintiff set forth her position on this issue in *Plaintiff's Motion for Partial Summary Judgment* [Doc. 73] and *Plaintiff's Reply to Defendant's Response Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment* [Doc. 89]. Therein, Plaintiff details how Safeco applied Oklahoma law to the evaluation of Plaintiff's UM benefits such that it could apply 12 O.S. 3009.1 to the evaluation of UM benefits due and owing to Plaintiff, a practice Plaintiff claims is unreasonable in itself. Plaintiff further details why Safeco should have applied Colorado law in determining the amount of benefits owed to Plaintiff and that Colorado law specifically prohibits the type of "paid v. incurred" evaluation used by Safeco to determine the amount of UM benefits due to its insureds. One of Safeco's defenses in this matter involves its contentions that (1) Oklahoma law should be used in determining what UM benefits are owed to Plaintiff and (2) the use of 12 O.S. 3009.1 is appropriate in evaluating UM benefits due and owing to an insured. *See generally Defendant Safeco Insurance Company of America's Motion for Summary Judgment and Brief in Support*

[Doc. 69], *Defendant Safeco Insurance Company of America's Response Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment* [Doc. 82], and *Defendant Safeco Insurance Company of America's Trial Brief*, [Doc. 108].

13.     If Safeco's claim file indicates either it has determined Plaintiff is entitled to the full limit of her UM policy and / or that Colorado law should have properly been applied to the determination of benefits due and owing to Plaintiff, the core of Plaintiff's allegations in this matter will have been validated.  Further, should Safeco's claim file indicate its position as to the handling of Plaintiff's claim has fundamentally changed, it must not be allowed to advance competing hypothetical arguments to this Court or, if warranted, a jury.

14.     Given the potential impact Safeco's apparent reevaluation has on the pretrial filings presently before the Court, a stay of all pending motions is warranted for the purposes of further discovery into the basis of Safeco's recent UM offer.  It is axiomatic that the Court has wide discretion in regulating pretrial matter and is authorized to take the actions requested by Plaintiff.  *Sil-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

15.     In determining whether discovery should be reopened in a particular case, the 10th Circuit has determined the following factors are relevant: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that further discovery would yield relevant evidence.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1990).  On the whole, these factors militate in favor of reopening discovery in this matter.  First, trial in this matter is not scheduled until August 2022 and, given counsel's prior discussions with

the Court, may be moved to the September trial docket. This allows ample time for the parties to conduct limited discovery on Safeco's reevaluation and to depose Mr. Keffer (and others, if warranted) on that issue. Safeco opposes this request. However, it will not be prejudiced in the event this request is granted. A further examination of Safeco's post-litigation claims handling activity will only uncover the true nature of its continuing evaluation of Plaintiff's claim and will ensure that the issues before the Court and jury are based on the actual positions of the parties. Further, Plaintiff was diligent in seeking the discovery at issue as evidenced by the deposition testimony of the adjuster responsible for rendering Safeco's claims decision and, later, Safeco's corporate representative. *See* Ex. 1 and 2. As such, Plaintiff could not have reasonably foreseen a scenario in which Safeco changed its position *after* the close of the discovery deadline. Finally, given the matter before the Court involves the manner in which Safeco has handled Plaintiff's claim, any information related to its continued handling of the claim, the same being encompassed within the duty of good faith and fair dealing owed to first-party insureds, is both relevant and admissible.

16.   Given that the matters involved in this motion bear on discovery, compliance with LCvR 37.1 is required. Counsel for the parties have complied with this rule and were unable to resolve the dispute.

   Wherefore, Plaintiff respectfully moves the Court to enter an Order staying the resolution of all existing pretrial filings and reopening discovery for the limited purpose of (1) seeking any and all documents related to Safeco's post-litigation handling of Plaintiff's

pending UM claims and (2) deposing any individuals responsible for Safeco's apparent re-evaluation of the UM claim.

Respectfully submitted,

/s/*Jacob L. Rowe*
Jacob L. Rowe, OBA #21797
Madison Botizan, OA #34615
FULMER SILL PLLC
1101 N. Broadway Ext., Suite 102
Oklahoma City, OK  73103
Phone:   (405) 510-0077
Fax:   (800) 978-1345
Email: jrowe@fulmersill.com
          mbotizan@fulmersill.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

William W. O'Connor
Margo E. Shipley
320 S. Boston Ave., Suite 200
Tulsa, OK  74103
boconnor@hallestill.com
mshipley@hallestill.com

/s/*Jacob L. Rowe*