**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

QUINDA BEESON,

        **Plaintiff,**

v.

                                     **Case No. CIV-20-327-SLP**

SAFECO INSURANCE COMPANY OF
AMERICA,

        **Defendant.**

**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S
RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
TO STAY PRETRIAL PROCEEDINGS AND REOPEN DISCOVERY**

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

William W. O'Connor, OBA No. 13200
Jerrick L. Irby, OBA No. 30876
Margo E. Shipley, OBA No. 32118
John W. Dowdell, OBA No. 33162
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
jirby@hallestill.com
mshipley@hallestill.com
jdowdell@hallestill.com

**ATTORNEYS FOR DEFENDANT
SAFECO INSURANCE COMPANY OF
AMERICA**

## <u>TABLE OF CONTENTS</u>

**Page**

BACKGROUND FACTS ........................................................................................ 2

    Brief Procedural History & Posture ............................................................. 2

    The Instant Dispute .................................................................................... 2

STANDARD OF REVIEW ................................................................................. 5

ARGUMENT AND AUTHORITY .................................................................... 5

    I.    The Conduct of Plaintiff's Counsel in Advance of the Filing of
        This Motion was in Violation of the Oklahoma Rules of Professional
        Conduct ................................................................................................ 6

    II.   The *Smith* Factors District Courts Consider in Deciding Motions
        to Reopen Discovery Such as Plaintiff's All Favor Denial of Plaintiff's
        Motion .................................................................................................. 9

        1.  Imminence of Trial ............................................................... 11

        2.  Whether the Request is Opposed ........................................... 12

        3.  Whether the Non-Moving Party Would Be Prejudiced .......... 13

        4.  Diligence of Moving Party .................................................... 14

        5.  Foreseeability of the Need for Additional Discovery ............. 15

        6.  Likelihood Discovery will Lead to Relevant Evidence .......... 15

CONCLUSION ............................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>CASES</u>

*AG Equipment Co. v. AIG Life Ins. Co*.,
07 CV-556-CVE-PJC, 2009 WL 36493
(N.D. Okla. Jan. 5, 2009) .................................................................................. 10

*AG Equipment Co. v. AIG Life Ins. Co*.,
07 CV-556-CVE-PJC, 2009 WL 137479
(N.D. Okla. Jan. 20, 2009) ................................................................................ 10

*American Motorists Insurance Company v. General Host Corporation*,
162 F.R.D. 646 ................................................................................................... 14

*Chechele v. Ward*,
CIV-10-1286-M, 2012 WL 4928849
(W.D. Okla. Oct. 16, 2012) ................................................................................ 10

*DJRJ, LLC v. U-Swirl, Inc*.,
16-CV-21-GKF-FHM, 2017 WL 5894200
(N.D. Okla. June 26, 2017) ................................................................................ 10

*Pandeosingh v. American Medical Response, Inc*.,
No. 14-CV-01792-PAB-KMT, 2014 WL 5465220,
(D. Colo. Oct. 28, 2014) ................................................................. 5, 11, 12, 13, 14

*Roberts v. International Business Machines Corp*.,
11-CV-040-JHP-PJC, 2012 WL 13186882
(N.D. Okla. Aug. 12, 2012) .......................................................................... 10, 11

*SIL-FLO, Inc. v. SFHC, Inc*.,
917 F.2d 1507 (10th Cir. Oct. 30, 1990) ........................................................... 10

*Smith v. United States*,
834 F.2d 166 (10th Cir. 1987) ...................................... 5, 6, 9, 10, 11, 13, 14, 15, 16

*Southwest Stainless, L.P. v. Sappington*,
07-CV-0334-CVE-FHM, 2008 WL 1777476
(N.D. Okla. April 17, 2008) ............................................................................... 11

## <u>OTHER AUTHORITIES</u>

FED. R. CIV. P. 16 ................................................................................................... 5

FED. R. CIV. P. 26 ................................................................................................. 12

Oklahoma Rules of Professional Conduct, Rule 4.2 .......................................... 1, 4, 6, 7, 8

Oklahoma Rules of Professional Conduct, Rule 8.3 .......................................... 8

Defendant Safeco Insurance Company of America ("Safeco") respectfully submits this Response Brief in Opposition to Plaintiff Quinda Beeson's ("Plaintiff") *Motion to Stay All Existing Pretrial Proceedings and Reopen Discovery* (the "Motion"). The sequence of events proffered by Plaintiff is incomplete and misleading. Plaintiff cherry picks "facts" and presents them out of context in an effort to avoid the Court's consideration of Safeco's pending dispositive motion and to secure additional discovery of an *imagined* change of position as to Plaintiff's UM claim. Contrary to the representations in Plaintiff's Motion, Safeco has not considered any new evidence and has not reevaluated Plaintiff's claim or otherwise changed its position to warrant the reopening of discovery. Plaintiff's effort to secure additional discovery is a transparent (and desperate) attempt to manufacture issues of fact and misdirect the Court from the multiple motions pending before it.

Plaintiff's request that the Court stay pretrial proceedings and reopen discovery is extraordinary, particularly given it is wholly manufactured from communications of Plaintiff's counsel with an employee of Safeco, a party represented by counsel. This misconduct is a plain violation of Rule 4.2 of the Oklahoma Rules of Professional Conduct, and the violation is exacerbated by Plaintiff's subsequent attempt to use its misconduct affirmatively as a litigation tactic. For these reasons, Plaintiff's misguided motion fails. Indeed, counsel for Plaintiff should be sanctioned for conduct in violation of the Oklahoma Rules of Professional Conduct.[1] In further support, Safeco states as follows:

---

[1] The undersigned counsel has never filed a bar complaint against anyone in his thirty-three (33) years of practicing law, and did not initially intend to do so here. However, as a result of Plaintiff's counsel's attempt to now misuse their illicit communication with a

## BACKGROUND FACTS

### *- Brief Procedural History & Posture -*

1.      Plaintiff filed this lawsuit on February 24, 2020, asserting claims against Safeco for breach of contract and breach of the duty of good faith and fair dealing in connection with an automobile insurance policy between the Parties.

2.      Pursuant to the Court's Fourth Amended Scheduling Order [Doc. 58], Safeco has already expended extensive time and resources in the preparation and filing of its Motion to Exclude Plaintiff's Expert Mort G. Welch [Doc. 68] and its Motion for Summary Judgment [Doc. 69]. Plaintiff's belated attempt to unwind the completed briefing to supplement the record evidence would significantly prejudice Safeco, and should be rejected.

3. The Parties have also expended significant resources in filing Proposed *Voir Dire* [Doc. Nos. 94, 100], Proposed Jury Instructions [Doc Nos. 97, 104]; Motions *in Limine* [Doc. Nos. 95, 107], and a Final Pretrial Report [Doc. 106].

4.      Safeco has filed a Trial Brief [Doc. 108], Plaintiff has filed a Response Brief in Opposition [Doc. 120], and Safeco has filed a Reply Brief in Support [Doc. 123].

5.      The trial in this case is currently set to begin on August 9, 2022.

### *- The Instant Dispute -*

6.      Throughout this litigation Safeco has repeatedly and consistently maintained the position that, although Plaintiff's insurance claim is still open, Safeco's determination

---

represented party, counsel for Safeco shall file a formal complaint with the Oklahoma Bar Association.

as to UM coverage has not changed. (*See* Plaintiff's Motion, at ¶¶ 1-2).

7.    On March 25, 2021, following the retirement of the adjuster that was handling Plaintiff's claim, the claim was assigned to Alex Keffer. (*See* **Exhibit "1,"** Affidavit of Alex Keffer).

8.    On February 14, 2022, the parties participated in a mediation via Zoom videoconference. The Parties made confidential settlement offers in the course of mediation. The mediation was unsuccessful.

9.    Alex Keffer was involved in the Zoom mediation and walked away with the incorrect and erroneous belief that Safeco's confidential settlement offer, which Plaintiff rejected, constituted an undisputed amount that he was obligated to pay. (*See* Exhibit 1.)

10.   On March 14, 2022, Alex Keffer acted on his mistaken belief by calling counsel for Plaintiff and speaking with an unidentified individual in the firm's office. (*Id.*) On that call, Alex Keffer indicated that he was prepared to make an additional payment under Plaintiff's UM coverage and requested payment instructions. (*Id.*)

11.   The following day, Alex Keffer called Plaintiff's counsel again, spoke with attorney Madison Botizan, and conveyed the same information from his call of the previous day. *Id.* According to Plaintiff, "Ms. Botizan notified Mr. Keffer that she was uncertain how to address the situation and would discuss the issue" with her supervisor, Jacob Rowe. (*See* Plaintiff's Motion, at ¶ 4).

12.   On March 16, 2022, Plaintiff's counsel, Jacob Rowe, placed a phone call to counsel for Safeco and requested the payment identified by Mr. Keffer in his calls. Counsel for Safeco was completely unaware of Mr. Keffer's mistaken actions.

13.     On March 17, 2022, Plaintiff's counsel sent a self-serving email to counsel for Safeco requesting payment of the amount mistakenly offered by Mr. Keffer concluding, incorrectly, that "[b]ased on the adjuster's statement, Safeco has reevaluated the claim and wished to make payment immediately." (*See* **Exhibit "2,"** Email from J. Rowe to W. O'Connor). Plaintiff's counsel also expressed his desire to reopen discovery, obtain Safeco's "post-litigation claim file materials," and depose Alex Keffer and "any other Safeco employees responsible for making this new claim decision." (*Id.*)

14.     On March 18, 2022, counsel for Safeco sent a letter to Plaintiff's counsel in response to his March 17 email. (*See* **Exhibit "3,"** Letter from W. O'Connor to J. Rowe). In the letter, counsel for Safeco advised Mr. Rowe of his firm's violation of Rule 4.2 of the Oklahoma Rules of Professional Conduct, which provides: "In representing a client, a lawyer **shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter,** unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Counsel for Safeco advised Plaintiff's counsel that his firm's conversations with Alex Keffer were "highly improper," and that the phone calls should have been immediately terminated by Plaintiff's counsel. (*See* Exhibit 3). Counsel for Safeco also explained and clarified Mr. Keffer's underlying mistake:

> Contrary to your unsupported assumptions in your email, there were no "new developments" this week. Safeco has not "reevaluated" the claim, and there is no outstanding payment due Plaintiff. Instead, as you might have discovered had you or your associate called me or Ms. Shipley first rather than violating the ethical rules by speaking directly with my client, we could have advised that Safeco reassigned your client's UIM claim to Alex Keffer after Barbara Meyer retired earlier this year. And, Alex mistakenly believed

4

that the **confidential** offers exchanged at mediation on February 14 meant that he needed to pay the balance of Policy limits. This was simple error, and nothing more.

(*Id.*) (emphasis in original). Counsel for Safeco concluded by informing that Safeco would not join and would adamantly oppose any effort to reopen discovery and/or stay pretrial proceedings. (*Id.*)

## STANDARD OF REVIEW

"A schedule may be modified only for good cause shown and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Whether to modify a scheduling order 'to extend or reopen discovery is committed to the sound discretion' of the Court." *Pandeosingh v. American Medical Response, Inc.*, No. 14-CV-01792-PAB-KMT, 2014 WL 5465220, at *1 (D. Colo. Oct. 28, 2014) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). "When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the nonmoving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that discovery will lead to relevant evidence." *Id.* (hereafter, the "*Smith* Factors")

## ARGUMENT AND AUTHORITY

Safeco respectfully submits that the reopening of discovery at this late stage of litigation is completely unwarranted and Plaintiff's Motion should be denied for several reasons. First, Plaintiff's counsel's communications with Mr. Keffer, an employee of a

represented party, were in plain violation of Rule 4.2 of the Oklahoma Rules of Professional Conduct. Plaintiff's proffered rationale for seeking the reopening of discovery—that Safeco has considered new information, reevaluated Plaintiff's claim, and changed its position—derives from these improper communications and is simply wrong. Rather, Safeco adjuster Alex Keffer erred when he believed Safeco's confidential settlement offer constituted an undisputed amount for which Plaintiff was owed. Plaintiff has plunged ahead with this baseless Motion despite Safeco's correction of Plaintiff's counsel's unfounded conclusions. Finally, all six (6) *Smith* factors that district courts consider when deciding a motion to reopen discovery understandably weigh heavily against doing so here.

**I.** **The Conduct of Plaintiff's Counsel in Advance of the Filing of This Motion was in Violation of the Oklahoma Rules of Professional Conduct.**

In Oklahoma, attorneys are strictly prohibited from communicating with a party to a lawsuit that the attorney knows is represented by counsel. Specifically, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."[2] *See* Rule 4.2, Oklahoma Rules of Professional Conduct. Safeco respectfully submits that this rule is simple, unambiguous, and clear.

---

[2] Plaintiff's counsel did not (and would never) have the informed consent of undersigned counsel and, plainly, no such court order exists.

The drafters of Rule 4.2 provide additional guidance that is applicable to the situation here. For example, "[t]his rule applies even though the represented person initiates or consents to the communication."  *See* Comment 3 to Rule 4.2. In such a situation, the "lawyer must immediately terminate communication with a represented person if, after commencing the communication, the lawyer learns that the person is one with whom communication is not permitted by this Rule." *Id*. Moreover, it is undisputed that Rule 4.2 applies to communications with an employee of a represented entity, such as Plaintiff's counsel's communication with Alex Keffer here. Specifically, as the comments to the rule make clear:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

*See* Comment 7 to Rule 4.2.

Plaintiff advances several flawed arguments as to why the dictates of Rule 4.2 (and the comments assisting in its interpretation and application) have not been violated in this case. First, Plaintiff stresses that "[n]either [case manager] Hicks nor [attorney] Botizan discussed the merits of the pending litigation or Plaintiff's insurance claim with Keffer." *See* Plaintiff's Motion, at ¶ 5. This statement is impossible to square with Plaintiff's misguided Motion, as the subject communications with Mr. Keffer serve as Plaintiff's sole justification for seeking the reopening of discovery ***into the merits of this pending litigation***.

7

Plaintiff has also suggested that no violation of Rule 4.2 occurred because counsel for Safeco has yet to report it. This tortured argument fails. Critically, there is no requirement for immediate reporting under the Oklahoma Rules of Professional Conduct. Contrary to Plaintiff's counsel's arguments, the applicable rule with respect to reporting misconduct provides that "[a] lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a ***substantial question*** as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional body." *See* Rule 8.3(a) (emphasis added). The comments to Rule 8.3 further explain that "[t]he term 'substantial' refers to the seriousness of the possible offense," and that "[a] ***measure of judgment*** is . . . required in complying with the provisions of this Rule." *See* Comment 3 to Rule 8.3 (emphasis added).

Plaintiff's counsel's arguments as to why he and his firm have not violated the Oklahoma Rules of Professional Conduct ring hollow. As alluded to above, counsel for Safeco has never filed a bar complaint against anyone in his entire career and, only upon Plaintiff's counsel's persistence to *affirmatively use* their unethical communication as a litigation tactic, did the undersigned exercise his judgment and decide to proceed with a complaint to the Oklahoma Bar Association. In the judgment of counsel for Safeco, the misconduct was elevated to a substantial violation by the improper and affirmative use of the communications with a represented party in the filing of this motion to reopen discovery and stay pretrial proceedings. The conduct of Plaintiff's counsel plainly prejudices Safeco and disregards the resources it committed to obtaining the record evidence and presenting its motions to the Court.

8

Plaintiff's counsel's conduct in response to Alex Keffer's mistaken and misguided outreach should have been clear: immediately upon being contacted by Alex Keffer, attorney Madison Botizan was obligated to inform Mr. Keffer that she could not speak with him and to terminate the conversation. Jacob Rowe, Ms. Botizan's supervisor, has this same obligation as well as the obligation to advise and train his less experienced attorneys and employees of their ethical and professional responsibilities to ensure strict compliance. Rather than taking all available actions to bring himself and his firm into compliance with the Oklahoma Rules of Professional Conduct (and retracting any intention to use the communication upon explanation by Safeco's counsel), counsel for Plaintiff now attempts to use it to Plaintiff's strategic advantage.

For these reasons and those described below, Safeco respectfully submits that Plaintiff's *Motion to Stay All Existing Pretrial Proceedings and Reopen Discovery* should be denied in its entirety.

## II.     The *Smith* Factors District Courts Consider in Deciding Motions to Reopen Discovery Such as Plaintiff's All Favor Denial of Plaintiff's Motion.

In her Motion, Plaintiff asserts with sparse explanation or support that "[o]n the whole, [the *Smith* Factors] militate in favor of reopening discovery in this matter." *See* Plaintiff's Motion, at p. 5. Plaintiff misreads *Smith* and its progeny. Indeed, the only two authorities on which Plaintiff relies involve the Tenth Circuit affirming a district court's refusal to reopen discovery. *See Smith v. United States*, 834 F.2d 166, 169-70 (10th Cir. Dec. 2, 1987)  (noting that the defendant "opposed [plaintiff's] requests," reasoning that the defendant "was entitled to a prompt resolution of the matter" and that the discovery

sought was "not relevant" and "could not reasonably have led to evidence relevant to the sole issue to be tried," and affirming that "[t]he trial judge acted well within the range of allowable discretion in denying [plaintiff's] motions to reopen discovery."); *see also SIL-FLO, Inc. v. SFHC, Inc*., 917 F.2d 1507, 1514 (10th Cir. Oct. 30, 1990) (noting that "the discovery deadline had been extended several times," "the plaintiffs did not make diligent use of the long period the court originally provided for discovery," and that the matters sought to be inquired into were not relevant, and affirming "that the district court did not abuse its discretion in denying the plaintiffs' motion to reopen discovery.")

A sampling of opinions from Oklahoma federal courts strongly suggests that the bar for reopening discovery is high and that such requests are rarely granted. *See AG Equipment Co. v. AIG Life Ins. Co*., 07 CV-556-CVE-PJC, 2009 WL 36493, \*3 (N.D. Okla. Jan. 5, 2009) (Magistrate Judge Paul Cleary applying the Smith Factors and concluding they "weigh against re-opening of discovery"); *AG Equipment Co. v. AIG Life Ins. Co., Inc*., 2009 WL 137479, \*2 (N.D. Okla. Jan. 20, 2009) (Judge Claire Eagan reviewing Judge Cleary's Order and "find[ing] that AIG's motion to reopen discovery was properly denied."); *DJRJ, LLC v. U-Swirl, Inc*., 16-CV-21-GKF-FHM, 2017 WL 5894200, \*1 (N.D. Okla. June 26, 2017) ("Reopening discovery now threatens to disrupt the parties' trial preparation and briefing on dispositive motions and motions in limine."); *Chechele v. Ward*, CIV-10-1286-M, 2012 WL 4928849, \*1 (W.D. Okla. Oct. 16, 2012) ("defendant's request to reopen discovery for the limited purpose of allowing discovery regarding plaintiff's standing to bring this action should be denied."); *Roberts v. International Business Machines Corp*., 11-CV-040-JHP-PJC, 2012 WL 13186882, \*3 (N.D. Okla. Aug.

12, 2012) (describing the motion as "a request to re-open discovery and force the Court to start over with the scheduling of this case," and denying the motion); *Southwest Stainless, L.P. v. Sappington*, 07-CV-0334-CVE-FHM, 2008 WL 1777476, *6 (N.D. Okla. April 17, 2008) ("the Court declines plaintiffs' invitation to reopen discovery at this late juncture.").

A decision from the United States District Court for the District of Colorado is an example of a situation in which a request to reopen discovery was granted—and an illustration as to why the opposite result is warranted here. *Pandeosingh v. American Medical Response, Inc.*, 14-cv-01792-PAB-KMT, 2014 WL 5465220, at *3 (D. Colo. Oct. 28, 2014). In *Pandeosingh*, the district court applied the *Smith* Factors and concluded that, under the facts of that case, "all six of the *Smith* Factors weigh[ed] in favor of Plaintiff's motion" to reopen discovery. The differences between *Pandeosingh* and the instant dispute are stark and instructive.

### 1.   *Imminence of Trial.*

In *Pandeosingh*, the trial court explained that "no trial ha[d] yet been set nor will one be set until a Final Pretrial Conference is held and a Final Pretrial Order entered." *Id*., at *2. Here, the Parties filed their Final Pretrial Report on February 1, 2022 [Doc. 106], and the trial is set to commence on August 9, 2022. Moreover, the trial court in *Pandeosingh* noted that the moving party sought just two (2) depositions that "could reasonably be accomplished in a short amount of time" in advance of the eventual trial. *Id*. Here, Plaintiff seeks the deposition of Alex Keffer and "any other Safeco employees responsible for making this new claim decision." *See* Exhibit 2. In addition to the indeterminate depositions Plaintiff may pursue, Plaintiff seeks "any and all post-litigation

claim files materials related to Safeco's re-evaluation . . . ." *Id*.

Safeco emphasizes, again, that there has been no "re-evaluation" of the subject insurance claim. But the difference between the limited discovery sought in *Pandeosingh* and the broad, open-ended discovery sought here demands the opposite result—to say nothing of the fact that there was no trial date in *Pandeosingh,* the Final Pretrial Report in this case was filed over three (3) months ago, and a trial date has been set.

The imminence of trial in this case coupled with the open-ended nature of the additional discovery sought weighs in favor of denial of Plaintiff's Motion.

### 2.       *Whether the Request is Opposed.*

The request to reopen discovery in *Pandeosingh* was opposed. *Id*., at *2. However, the trial court in that case explained that "the only argument advanced is that [the moving party] somehow should have known how important [a particular witness] might be to the litigation in spite of [the opposing party's] late production of documents and failure to disclose pursuant to FED. R. CIV. P. 26(a)(1)." *Id*.

Safeco neither failed to make its Rule 26 initial disclosures nor did it delay in producing documents. In contrast, in *Pandesingh* the moving party was not aware of the significance of the witness because the opposing party failed to produce documents until "several weeks *after* the close of discovery . . . ." *Id*. (emphasis in original). Safeco has done nothing to conceal any witness or the extent of any witness's involvement in this case.

Yet more fundamentally, Plaintiff's rationale for reopening discovery is pure fiction. As Safeco has repeatedly advised Plaintiff's counsel, Alex Keffer mistakenly believed that Safeco's confidential settlement offer constituted an undisputed amount and

that Plaintiff was thus owed that amount. *See* Exhibit 1. When Mr. Keffer acted on his mistaken belief, Plaintiff's counsel jumped at the situation to manipulate it for Plaintiff's strategic litigation benefit. Plaintiff and Plaintiff's counsel have been disabused multiple times of the notion that Safeco has considered new information, reevaluated Plaintiff's claim, or changed its decision, but have nonetheless persisted in seeking the reopening of discovery.

Safeco's opposition to Plaintiff's request to reopen discovery is strongly justified for multiple reasons and therefore this factor, too, leans directly in Safeco's favor.

### 3.   *Whether the Non-Moving Party Would be Prejudiced.*

In *Pandeosingh*, in evaluating this third *Smith* factor, the trial court explained that "[d]ispositive motions have not been filed nor is there a deadline mandated for such filings and, as previously noted, no Final Pretrial Order has been entered and no trial is scheduled." 2014 WL 5465220, at * 2. The situation with respect to dispositive motions in this case is precisely the opposite than that in *Pandeosingh*, as both Safeco's Motion for Summary Judgment [Doc. 68] and Plaintiff's Motion for Partial Summary Judgment [Doc. 73] have been filed.

In addition to dispositive motions, Safeco and Plaintiff have filed and fully briefed *Daubert* motions [Doc. Nos. 68, 71], as well as motions *in limine* [Doc. Nos. 95, 107], proposed *voir dire* [Doc. Nos. 94, 100], and proposed jury instructions [Doc. Nos. 97, 104]. To reopen discovery at this late stage of litigation would be extraordinarily prejudicial to Safeco, considering the resources Safeco has expended to develop the record evidence and present its comprehensive motions.  Plaintiff now seeks to somehow create an issue of fact

with more discovery that would require the expense of significant time and resources followed by the potential re-briefing and re-argument of issues that both Parties have considered completed. *See, e.g., American Motorists Insurance Company v. General Host Corporation*, 162 F.R.D. 646, 648 ("that dispositive motions are pending, the court finds that any further delay to reopen discovery cannot be justified."). This factor therefore weighs in favor of denying Plaintiff's request to reopen discovery.

### 4. *Diligence of Moving Party.*

As alluded to above with respect to the second *Smith* factor, the trial court in *Pandeosingh* explained again in regard to the fourth *Smith* factor that the moving party had "acted diligently but ha[d] been thwarted by [the opposing party's] failure to timely produce requested documents." *Id.*, at *3. Safeco has at no point failed to timely produce documents or participate in any aspect of discovery in this case. Indeed, to be clear, the reopening of discovery sought in this case is not the result of Plaintiff's "diligence," but rather the opportunism of Plaintiff in manipulating the mistake of a Safeco adjuster following a failed mediation (and doing so in direct contravention of the Oklahoma Rules of Professional Conduct).

Plaintiff's Motion is filed nearly three (3) months after the discovery cutoff, nearly four (4) months after the deadline for dispositive and *Daubert* motions, and just three (3) months from trial. Again, this is not diligence but manipulative and illogical use of an improper communication that should not be permitted to stand. Safeco respectfully submits that this fourth *Smith* factor also favors dismissal of Plaintiff's Motion.

14

5.      *Foreseeability of the Need for Additional Discovery.*

Safeco acknowledges that the discovery Plaintiff seeks was not foreseeable, but not for the reason Plaintiff advances. *See* Plaintiff's Motion, at p. 6 ("Plaintiff could not have reasonably foreseen a scenario in which Safeco changed its position *after* the close of the discovery deadline.") (emphasis in original). In fact, the need for additional discovery was not foreseeable because the reason supposedly necessitating it is completely illusory. As explained in multiple communications to counsel for Plaintiffs, Safeco has not considered any new information, reevaluated Plaintiff's claim, or changed its position since the close of discovery. Plaintiff incorrectly believes that Safeco has done these things because of a factual mistake by Safeco's adjuster. *See* Exhibit 1. Safeco respectfully submits that this *Smith* factor does not support Plaintiff's position, particularly as Plaintiff's position is factually incorrect from its inception.

6.      *Likelihood Discovery will Lead to Relevant Evidence.*

As described above, reopening discovery in this case will not lead to relevant evidence because the purpose Plaintiff advances to support the reopening of discovery is a fiction. *See* Exhibit 1. Safeco has not considered new information, reevaluated Plaintiff's claim, or changed its position as to coverage since the close of discovery. *Id.* Furthermore, Plaintiff's misunderstanding originates from conduct that is in clear violation of the Oklahoma Rules of Professional Conduct.

Safeco respectfully submits that all six (6) *Smith* factors weigh firmly against reopening discovery.

15

## **<u>CONCLUSION</u>**

Plaintiff's Motion is based on the incorrect belief that Safeco has somehow "reevaluated its position on Plaintiff's UM claim . . . ." *See* Plaintiff's Motion, at ¶ 10. This is simply not so. Plaintiff has this incorrect impression based on information obtained improperly and in clear violation of the Oklahoma Rules of Professional Conduct. Alex Keffer misunderstood Safeco's confidential settlement offer to mean that he was supposed to make an additional insurance payment to Plaintiff. This was simple human error— nothing more. There has been no change in any circumstance to warrant the reopening of discovery or stay any proceedings.

Respectfully, Plaintiff's transparent attempt to manufacture issues of fact, distract the Court from the multiple dispositive, *Daubert*, and other pretrial motions pending before it, and significantly prejudice Safeco should be rejected.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/William W. O'Connor*
William W. O'Connor, OBA No. 13200
Jerrick L. Irby, OBA No. 30876
Margo E. Shipley, OBA No. 32118
John W. Dowdell, OBA No. 33162
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
jirby@hallestill.com
mshipley@hallestill.com
jdowdell@hallestill.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA**

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of May, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Simone Fulmer
Jacob L. Rowe
Andrea R. Rust
Harrison C. Lujan
Madison Botizan

**ATTORNEYS FOR PLAINTIFF**

*s/William W. O'Connor*
William W. O'Connor

5260080.1:003439.00097

18