# EXHIBIT 3



William W. O'Connor
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Direct Dial: (918) 594-0588
Facsimile: (918) 594-0505
boconnor@hallestill.com

March 18, 2022

**VIA EMAIL**

Jacob L. Rowe
FULMER SILL, PLLC
1101 N. Broadway, Suite 102
Oklahoma City, OK 73103
jrowe@fulmersill.com

   Re: *Quinda Beeson v. Safeco Insurance Company of America,* United States District Court for the Western District of Oklahoma, Case No. 20-cv-327-SLP

Dear Jacob:

  I am in receipt of your email of March 17. I do not know whether to salute your naiveté or your cunning. Whichever it is, your statements are flawed in every respect.

  At the outset, Rule 4.2 of the Oklahoma Rules of Professional Conduct stipulates, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter . . . ." Obviously, I have represented Safeco in this case since Plaintiff filed her lawsuit nearly two years ago. As such, it was highly improper and in violation of Rule 4.2 for Madison Botizan to communicate with Safeco's employee, Alex Keffer, on March 14. Worse still, Madison communicated with Alex a **second** time on March 15 after asking for time to **"confer" with you**. The moment Alex first advised he was calling on behalf of Safeco, Madison should have immediately advised him that she could not speak directly with him. You, apparently as her supervisor, should have advised her to do the same.

  Your subsequent attempt to manipulate these improper and unethical communications to your client's litigation advantage is troubling. Your sanctimonious comment that you "felt more comfortable calling [me]" after you, Madison, and your firm violated the Rules of Professional Conduct is even more disturbing, and raises a host of potential consequences. I thought you were better than that.

  Contrary to your unsupported assumptions in your email, there were no "new developments" this week. Safeco has not "reevaluated" the claim, and there is no outstanding payment due Plaintiff. Instead, as you might have discovered had you or your associate called me or Ms. Shipley first rather than violating the ethical rules by speaking directly with my client,

March 18, 2022
Page 2

we could have advised that Safeco reassigned your client's UIM claim to Alex Keffer after Barbara Meyer retired earlier this year. And, Alex mistakenly believed that the **confidential** offers exchanged at the mediation on February 14 meant that he needed to pay the balance of the Policy limits. This was simple error, and nothing more.

Did you really believe I would somehow be "agreeable" to anything in your self-serving email? As discussed herein, your firm's communications with Safeco violated Rule 4.2, and the underlying settlement communications that mistakenly prompted Alex's calls to your firm are further inadmissible pursuant to Okla. Stat. tit. 12, § 2408. Safeco shall absolutely oppose any misguided and unethical effort by Plaintiff to reopen discovery of any kind, hold any pleadings in abeyance, or to otherwise impact the existing status of this case. Safeco is considering all other available measures arising from your misconduct and the misconduct of your colleague.

Sincerely,

William W. O'Connor

WWO/lw

5210893.1:003439.00097