| From: | Jacob Rowe |
|---|---|
| Sent: | Monday, March 28, 2022 1:45 PM |
| To: | lwilliams@HallEstill.com; Shelley Hicks |
| Cc: | boconnor@HallEstill.com; mshipley@HallEstill.com; twallace@HallEstill.com; Simone Fulmer; Madison Botizan |
| Subject: | Re: Beeson v. Safeco |

Bill -

I am in receipt of your letter of March 18, 2022.

First, I want to correct the timeline. First, Ms. Botizan didn't speak to Mr. Keffer on Monday, March 14, 2021. On that date, Mr. Keffer called and spoke to Shelley Hicks in our office. They didn't discuss the merits of the case. He called and notified her that Safeco wanted to tender the remaining UM benefits and he wanted to ensure that all lien holders were satisfied. He also noted he wanted to do so before the Court issued a ruling. On what, he did not say and Ms. Hicks did not inquire.

The following day, Tuesday, March 15, 2021, Mr. Keffer called again and was routed to Ms. Botizan. When Ms. Botizan answered the call, Mr. Keffer again communicated Safeco's desire to tender the remaining UM benefits owed to Ms. Beeson under her policy. As was the case with Ms. Hicks, Ms. Botizan did not discuss the merits of the case. In fact, Ms. Botizan specifically communicated to Mr. Keffer that she was unsure how to address the situation and would discuss the matter with me.

Ms. Botizan and I discussed the matter on Wednesday and I reached out to you. When I told you about the calls, you told me that you were unaware of Safeco's actions, that you were going to "tell them to stand down," and that you would contact me later that day. When you didn't, I emailed you on Thursday, prompting the letter I received by email on Friday.

Next, you make reference to Oklahoma Rule of Professional Conduct No. 4.2 and accuse the members of our firm of violating the same. Despite your statement, we both know that no one at Fulmer Sill did anything wrong. If you genuinely thought so, you would have already reported said violation to the Oklahoma Bar Association as is your obligation.

You've been handling the defense of allegations of bad faith far longer than I have been prosecuting them and we both know that an insurance company has a continuing duty to handle claims in good faith, even when they are litigated. From a practical perspective, this means that claims are often bifurcated. One adjuster continues working the claim to ensure any new information gathered by the carrier is used appropriately in handling the claim for the insured and that another adjuster or employee is responsible for using new information for the purposes of advancing the carrier's litigation interests. Ultimately, although it doesn't happen frequently, it is not unusual for an adjuster to reach out to discuss an insurance claim that is in litigation. Discussing a pending insurance claim that an insurer is continuing to evaluate is categorically different than discussing the merits of a pending suit alleging breach of the duty of good faith. Needless to say, as mentioned earlier, no-one discussed the merits of the claim or the lawsuit with Mr. Keffer.

Given that Mr. Keffer told Ms. Hicks Safeco wanted to issue payment quickly before the Court entered a ruling, it seems obvious that this is exactly what happened here. This is especially true given that Ms. Meyer testified last year that Safeco had conducted no additional claims-handling activities after suit was filed and that she was overseeing the litigation of the claim.

**EXHIBIT 1**

You were one of the first opposing attorneys that I worked with after I started working on cases like this. Since then we've worked well together and have been as friendly with one another as is possible, given the competing interests of our clients. For that reason, I forgive you for the ugly and accusatory tone of your letter.

However, given what appears to be a change of Safeco's claims handling position, we must, in serving the interests of our client, seek to stay further Court action to inquire as to the facts underlying Mr. Keffer's calls to our office. Doing so necessarily involves a discovery dispute and we'll be obligated to comply with Local Rule 37.1. As such, please let me know whether you are available to discuss this issue tomorrow (3/29) or Wednesday (3/30). However, the tone and tenor of your letter tells me that Safeco is steadfast in its position. If any further discussions on this matter will be fruitless, please let me know and I will consider the meet and confer provision of Local Rule 37.1 as having been met via our recent communications.

Jacob L. Rowe
*Attorney*



1101 N. Broadway Ave, Suite 102
Oklahoma City, OK 73103
P: 405.510.0077 | F: 405.510.0077
www.fulmersill.com

The information contained in this e-mail message may be protected by the attorney-client privileged and/or attorney work product doctrine as well as contain privileged or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this message in error, immediately notify the sender by telephone at 405-510-0077 and return the original.

**From:** lwilliams@HallEstill.com <lwilliams@HallEstill.com>
**Sent:** Friday, March 18, 2022 4:31 PM
**To:** Jacob Rowe <jrowe@fulmersill.com>; Shelley Hicks <shicks@fulmersill.com>
**Cc:** boconnor@HallEstill.com <boconnor@HallEstill.com>; mshipley@HallEstill.com <mshipley@HallEstill.com>; twallace@HallEstill.com <twallace@HallEstill.com>
**Subject:** Beeson v. Safeco

Please see the attached correspondence sent on behalf of Bill O'Connor.



**LAURA WILLIAMS |** PARALEGAL
320 S. Boston Ave. | Suite 200 | Tulsa, OK 74103
Office: 918-594-0591 | Fax: 918-594-0505 | Bio

This e-mail message and any attachment thereto is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the recipient or reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail communication in error, please notify us immediately by sending a reply e-mail message to the sender. Thank you.