IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUINDA BEESON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-327-SLP |
| ) | |
| SAFECO INSURANCE COMPANY OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Stay All Existing Pretrial Proceedings and Reopen Discovery [Doc. No. 136]. It is at issue. *See* Def.'s Resp. [Doc. No. 140]; Pl.'s Reply [Doc. No. 143]. For the following reasons, Plaintiff's Motion is denied.

**I.   Background**

This insurance bad faith case was initiated on February 24, 2020 by Plaintiff Quinda Beeson against Defendant Safeco Insurance Company of America ("Safeco") regarding a car accident that occurred on May 12, 2017 in Oklahoma City. *See* Pet. [Doc. No. 1-2].[1] According to the Petition, a vehicle driven by non-party Marcos Salgado struck Plaintiff's vehicle and she incurred, by that date, approximately $64,000 in medical care and treatment. Plaintiff was insured by an automobile insurance policy issued by Safeco that included uninsured/underinsured motorist ("UM") coverage in the amount of $100,000 per person. Mr. Salgado had an Allstate Insurance Company policy that provided coverage in

---

[1] Defendant removed the case to this Court on April 9, 2020.

the amount of $50,000 per person and Allstate eventually offered this amount to settle Plaintiff's liability claim. Plaintiff asserts that in February 2018 she demanded the full $100,000 under her policy, but it was not until September 2018 that Safeco's adjuster, Barbara Meyer, extended an offer of $25,000 to settle Plaintiff's UM claim.

The Court's original scheduling order provided the parties with the nine months of discovery requested in the Joint Status Report. *See* Doc. Nos. 12-13. The Court granted multiple requests for wholesale extensions of the scheduling order deadlines, resulting in four amended scheduling orders. The parties' final deadline for the completion of discovery was February 1, 2022—giving the parties a total of 20 months of discovery. *See* Fourth Am. Scheduling Order [Doc. No. 58], ¶ 6. The parties submitted their dispositive motions, *Daubert* motions, and pretrial filings in January and February of this year. On February 17, 2022, the Court extended the trial date to the August 9, 2022 trial docket based on the maternity leave of Defendant's counsel. *See* Order [Doc. No. 135].

On April 21, 2022, Plaintiff filed the instant Motion, asserting that recent contacts from Defendant's claims adjuster, Alex Keffer, warrants reopening the discovery period in this case (and, consequently, staying consideration of the parties' pretrial motions). According to the Motion, discovery from Defendant's representatives indicated that Defendant had not taken any further evaluative action on Plaintiff's UM claim since the filing of this case. But on March 14 and 15, 2022, Mr. Keffer contacted the office of Plaintiff's counsel and attempted to tender the remainder of Plaintiff's UM benefits (in contrast to Defendant's position throughout this litigation). Plaintiff's Motion asserts that Mr. Keffer's actions "indicate that Safeco has reevaluated its position on Plaintiff's UM

2

claim and that its claims handling employees believe Plaintiff is entitled to her full UM policy limit." Mot. 4. Plaintiff now requests the Court stay "the resolution of all existing pretrial filings" and reopen discovery "for the limited purpose of (1) seeking any and all documents related to Safeco's post-litigation handling of Plaintiff's pending UM claims and (2) deposing any individuals responsible for Safeco's apparent re-evaluation of the UM claim." *Id*. at 6-7.

In response, Defendant attributes Mr. Keffer's contacts with Plaintiff's counsel to Mr. Keffer's mistaken belief that the settlement offers relayed during an ultimately unsuccessful mediation held February 14, 2022 required him to make an additional payment to Plaintiff. Defendant attaches an affidavit from Mr. Keffer stating that he misunderstood a settlement offer "to constitute the undisputed amount of the claim" and that his calls to Plaintiff's counsel "expressed, misguidedly, that I was prepared to make a payment of the undisputed amount of the claim." Keffer Aff. ¶ 3.[2] Mr. Keffer further states that his offer "was not based on any new information or updated evaluation" and that he "did not conduct a reevaluation of the claim." *Id*. ¶ 6.[3]

---

[2] Mr. Keffer also explains that he was assigned Plaintiff's claim on March 25, 2021 after Ms. Meyer retired. *Id*. ¶ 2.

[3] Defendant's response also asserts that the Motion should be denied because Plaintiff's counsel's communication with Mr. Keffer violates Oklahoma Rule of Professional Conduct 4.2 regarding a lawyer's communication with a person represented by counsel. The Court declines to address this issue in light of the Court's determination that reopening discovery is not warranted based on the other factors discussed below.

3

## II. Discussion

A "district court has wide discretion in its regulation of pretrial matters." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Modifying a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). The Court considers the following factors in determining whether discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*SIL-FLO, Inc.*, 917 F.2d at 1514 (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). Most of these factors weigh against reopening discovery.

First, the trial of this case is fast approaching—it is scheduled to begin in approximately two months.[4] *See DJRJ, LLC v. U-Swirl, Inc.*, No. 16-CV-21-GKF-FHM, 2017 WL 5894200, at *1 (N.D. Okla. June 26, 2017) (holding that a trial scheduled three months away was imminent); *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-556-CVE-PJC, 2009 WL 36493, at *2 (N.D. Okla. Jan. 5, 2009) (holding that, where trial was six weeks away and summary judgment motions were already filed, "[i]f trial is not imminent, it is certainly looming and this fact argues against reopening discovery."). It is not clear that this period could accommodate Plaintiff's desired discovery, which broadly seeks

---

[4] The Court finds that trial is sufficiently imminent even if the case is eventually postponed to the September 2022 docket as originally requested by Defendant due to Defendant's counsel's trial conflict in August. *See* Doc. Nos. 130, 135.

4

documents related to post-litigation claims handling activity and an indeterminate number of depositions.

Second, the request is opposed by Defendant.

Third, Defendant would be prejudiced by reopening discovery because the dispositive and *Daubert* motions are already fully briefed in this case and other pretrial filings have long been submitted (including motions in limine, proposed voir dire, and proposed jury instructions).[5] Further discovery could lead to attempts to unravel or supplement these submissions. *See AG Equip. Co.*, 2009 WL 36493, at *2 (holding that reopening discovery could majorly impact pending dispositive motions and "would undermine the existing trial schedule, further delay trial of this matter, and significantly increase costs, all to the Plaintiffs'—as well as the Defendant's—prejudice.").

Skipping to the sixth factor, it is not likely that discovery will lead to relevant evidence.  Mr. Keffer's affidavit explains that his contacts with Plaintiff's counsel's office were premised on a mistake regarding the nature of the settlement offers made at the mediation and that he has not reevaluated Plaintiff's UM claim.  Accordingly, the Court finds it unlikely that Plaintiff's requested discovery would lead to relevant evidence.  Plaintiff's arguments in her reply in this regard are speculative.  *See, e.g.*, Reply at 7 (asserting that the statement in Mr. Keffer's affidavit that his offer was not based on new information or updated evaluation "seems unlikely and / or misleading" and that "[i]t is

---

[5] Plaintiff recognizes that her requested discovery could disturb these fully briefed motions. *See* Mot. 5 (contending that a stay of consideration of the pretrial filings is warranted "[g]iven the potential impact Safeco's apparent reevaluation has on the pretrial filings presently before the Court").

possible" that Defendant's claims handling activity was influenced by the pending summary judgment motions).

Only the fourth and fifth factors weigh in favor of Plaintiff's request. The Court has no basis on which to question Plaintiff's diligence during the discovery period. Further, because Mr. Keffer did not contact Plaintiff's counsel until after the February 1, 2022 discovery deadline, Plaintiff's desired discovery was not foreseeable even within the 20 months provided by the Court. Nevertheless, these considerations are outweighed by the other factors weighing against reopening discovery discussed above.

### III.  Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay All Existing Pretrial Proceedings and Reopen Discovery [Doc. No. 136] is DENIED.

IT IS SO ORDERED this 15th day of June, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE